DENNIS CUNNINGHAM ET AL., APPELLEES, V. SAMUEL KATZ, APPELLANT, ET AL.

FILED OCTOBER 17, 1893.    No. 4738.

Judgment Based on Conflicting Evidence: REVIEW. As the appeals by both parties present only questions of fact, as to each of which there was evidence sufficient to sustain the findings of the district court, its judgment is affirmed.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*Hall, McCulloch & English,* for appellant.

*Cowin & McHugh, contra.*

RYAN, C.

On June 7, 1887, Samuel Katz entered into a contract in writing with the firm of Ryan & Walsh for the construction by them of four tenement houses upon certain real property owned by Katz in Omaha. This written contract contemplated as a level for these buildings a line twelve feet and nine inches below the level of Dodge street, upon which the erection was to face. The surface, however, was at its highest point seven feet and six inches below the plane

adopted as that upon which the plans required the block of buildings to be erected. Originally this surface had been created by filling up a slough or creek bed from an irregular surface lying many feet below the surface made by filling in earth. As much of the projected superincumbent buildings required a solid foundation, it was necessary to extend the foundation down to the original surface of solid earth. This part of the work was not covered by the plans and specifications with reference to which the written contract was made. It was therefore necessary at the very threshold of the work to provide for the excavations for, and the erection therein of, solid foundation walls, upon which the block of buildings described in the plans and specifications and written contract was to be built. The evidence is not very satisfactory upon this point, but from it we are satisfied that there was made a memorandum in the writing which was entrusted to the architect who drew the plans and specifications. For some inscrutable reason the subsequent history of this memorandum has been shown neither by Mr. Katz nor his agent, the architect. The parol evidence of the members of the firm of Ryan & Walsh is, therefore, entitled to special consideration as to the terms of this memorandum, and was, we have no doubt, sufficient to establish such terms, as well as the fact testified to by them that it was originally attached to the written agreement above referred to, and became a part of the same. This memorandum provided that for the construction of the foundation below the plane above mentioned the brick work necessary should be paid for at the rate of $16 per thousand. These foundation walls were, of course, made in ditches excavated for the purpose, of which, after the walls had been built, the unoccupied parts were filled with dirt. Upon the completion of the buildings a dispute arose as to the measurements of the foundation walls above referred to, because of a disagreement of the parties as to the depths to which the foundation walls

extended at different parts thereof. This necessitated digging wells, as they were called, at different points down along the foundation walls, that actual measurements might be made, and thus that the depths to which these walls extended could be accurately fixed. As to the results desired, even this did not establish data from which the number of bricks laid in the foundation walls could be computed with any certainty, and the disagreement still existing, this action was begun to enforce a mechanic's lien for the amount which Ryan & Walsh claim is due upon the entire erection by them made. Though the field of contention was thus necessarily very broad, the conflict was really only as to the number of bricks, the laying of which constituted "extras."

The contractors, Ryan & Walsh, introduced evidence showing the result of the measurements of the foundations to have demonstrated that there were laid 331,000 bricks, for which they were entitled to payment at the rate of $16 per thousand. On behalf of Mr. Katz, the evidence was that there were but 179,000 bricks laid in said foundation walls. There was other conflicting evidence as to whether or not the footings had been correctly estimated and properly considered.

Upon consideration of these several contentions, and the evidence in support of each, the district court made an equitable average that the number of bricks really laid in the foundation walls, and for which Ryan & Walsh were entitled to pay as extras, under the memorandum above referred to, was 225,000. There was sufficient testimony to sustain this finding, and it will not, therefore, be disturbed, either by increasing the number as asked by Ryan & Walsh, or lessening it as demanded by Mr. Katz. There is presented no other question for determination and the judgment of the district court is

AFFIRMED.